# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GLENN VINCENT ROBINSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. CIV 07-244-JHP |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER

This is a proceeding initiated by the above named petitioner who is currently an inmate at the Federal Correctional Institution in Bruceton Mills, West Virginia. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the Amended Judgment and Sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-03-077-P is unlawful.

The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma. In addition, the Court has reviewed the relevant trial court records associated with Case No. CR-03-077-P. The records reflect that

on August 1, 2003, a federal grand jury sitting in the Eastern District of Oklahoma returned a four-count Indictment charging defendant with two counts pertaining to a 2002 Adair County arrest and two counts pertaining to a 2003 Sequoyah County arrest. For each incident, defendant was charged with one count of Attempt to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A) filed in case number CR-03-77-JHP.

On September 9, 2003, the defendant appeared at Arraignment before Magistrate Judge Shredder with Michael A. Abel, Assistant Federal Public Defender. The Assistant Federal Public Defender advised the Court that Donn F. Baker represented defendant in state court, but had not yet been retained in the Federal matter. The Court entered an Order appointing the Federal Public Defender to represent defendant.

At the Detention Hearing on September 15, 2003, defendant's court-appointed counsel, Michael A. Abel, advised the Court that Donn F. Baker had no objection to being appointed to represent defendant in this case. Mr. Abel moved to strike the hearing to be reset upon Mr. Baker's application and requested an order appointing

Mr. Baker as counsel for the defendant. The Court entered an Order substituting Donn F. Baker.

On November 25, 2003, at the Pretrial Conference, Mr. Baker moved to continue the December 1st jury trial, stating that he anticipated filing a Motion to Suppress. The Court refused to delay the matter and entered an Order denying defendant's motion for continuance.

The next day, on November 26, 2003, Mr. Baker filed a Motion to Suppress. The government responded to the motion on November 28, 2003. The Court entered a written Order denying the Motion to Suppress as untimely on December 1, 2003.

Jury trial also commenced on December 1, 2003. During the trial, on December 3, 2003, defense counsel orally renewed defendant's Motion to Suppress. The Court heard arguments of counsel, and denied defendant's motion. Further jury trial continued and on December 5, 2003, defense counsel again renewed the oral Motion to Suppress. The Court overruled the motion.

Jury trial concluded on December 5, 2003, with a verdict finding defendant guilty on all four counts of the Indictment.

After a presentence investigation by the United States Probation Office, defendant was sentenced on April 24, 2004, to a term of imprisonment of 135 months on Counts One and Three, and a term of 120 months on Count Two, and a term of 300

months on Count Four. The sentence provides that the terms on Counts One and Three are to be served concurrently, the term on Count Two is to be served consecutively to the term imposed on Counts One and Three, and the term on Count Four is to be served consecutively to the term imposed on Count Two. The defendant was also sentenced to a term of five (5) years of Supervised Release on Counts One, Two, and Four, and three (3) years on Count Three. The terms of Supervised Release are to be served concurrently with one another. The defendant was also ordered to pay a Special Assessment in the amount of $400.00.

On May 21, 2004, defendant filed a Notice of Appeal, and said appeal was docketed on May 28, 2004, as Tenth Circuit Court of Appeals case number 04-7052. Defendant's convictions were affirmed, but his sentence was vacated and the matter was remanded for resentencing. *United States v. Robinson*, 435 F.3d 1244, 1246 (10th Cir. 2006).

Defendant was resentenced on July 21, 2006. The new sentence reduced his term of imprisonment on Counts One and Three from 135 months imprisonment to 120 months and on Count Two from 120 months imprisonment to 60 months. The defendant's sentence of 300 months imprisonment on Count Four and the terms of Supervised Release on all four counts remained unchanged.

On August 14, 2006, defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C., §2255, in case number CIV-07-244-JHP. Defendant now raises the following issues: (1) he received ineffective assistance of counsel due to trial counsel's failure to timely file a Motion to Suppress evidence relating to the March 2002 traffic stop, arrest, vehicle impoundment, and inventory search; (2) he received ineffective assistance of counsel due to trial counsel's failure to timely file a Motion to Suppress evidence, including pre-Miranda statements by the defendant, arising from the March 2003 investigation and arrest; (3) he received ineffective assistance of counsel due to trial counsel's failure to file Proposed Jury Instructions; (4) he received ineffective assistance of counsel due to trial counsel's failure to file Proposed Verdict Forms; and (5) defendant alleges the cumulative effect of trial counsel's alleged deficiencies constitutes ineffective assistance of counsel.

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. 667. Failure to establish either prong of the Strickland standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696,

104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in Strickland,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

In the instant case, the defendant complains that he was prejudiced by the cumulative impact of multiple deficiencies or errors by counsel. The government

opposes the motion because none of the grounds offered provide an appropriate basis for granting the relief requested. The deficiencies complained of do not rise to the level of ineffective assistance of counsel set forth in *Strickland*, and even if trial counsel's performance was ineffective, the defendant cannot demonstrate prejudice — that is, a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.; Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003).

Moreover, the multiple grounds relied upon by defendant cannot serve as justification for sentencing relief, due to the fact that they were either not advanced by defendant on appeal, or were addressed in his appeal and cannot be considered and reasserted in a Section 2255 application. *United States v. Allen*, 16 F.3d 377 (10th Cir. 1994); *United States v. Warner*, 23 F.3d 287 (10th Cir. 1994). A Section 2255 motion cannot be used "to test the legality of matters which should have been raised on appeal." *United States v. Kahn*, 835 F.2d 749, 753 (10th Cir. 1987). To obtain relief on new claims, a Section 2255 petitioner must show "cause excusing his ... procedural default, and ... actual prejudice resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). An attorney's error provides cause to excuse a procedural default, but only if the error amounts to constitutionally

ineffective assistance of counsel. *See, Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991); *see also United States v. Kissick*, 69 F.3d 1048, 1054 (10th Cir. 1995).

The defendant argues that his trial counsel was deficient in failing to timely file a Motion to Suppress under the Local Rules of Criminal Procedure. Clearly, trial counsel contemplated the granting of a motion to continue the trial setting and an expanded opportunity to file such a motion prior to the new trial setting. He admittedly did not file the motion within the time allotted in the Local Rules and the deadlines set in this case.[1] However, the defendant cites no cases establishing that missing such a deadline with a motion to suppress authorizes the remedy sought.

Indeed, there are several Tenth Circuit cases, which have refused to find that a failure to file a motion to suppress constitutes ineffective assistance of counsel. See *Redden v. Calbone*, 223 Fed. Appx. 825, 830; 2007 WL 1454439 (10th Cir. 2007); *Griffin v. LeMaster*, 1797 Fed. Appx. 555, 559; 2006 WL 1617037 (10th Cir. 2006); and Dixon v. Calbone, 204 Fed.Appx. 770, 774; 2006 WL 3222317 (10th Cir. 2006). Here, although trial counsel did not secure a pre-trial hearing on a motion to suppress, he did raise many of the same issues during cross-examination regarding the 2002 evidence that would have been raised if such a hearing had been held (Tr. 87-134,

---

[1] The District Court may properly deny an untimely motion to suppress, based on an application of Rule 12(f) without holding a hearing. *United States v. Miller*, 987 F.2d 1462, 1465 (10th Cir. 1993). *See also United States v. Bridwell*, 583 F.2d 1135, 1139 (10th Cir. 1978); *Mesmer v. United States*, 405 F.2d 316, 318 (10th Cir. 1969).

140-150, 157-169, 197-219, 260-263, 266-270). He also addressed the evidence and how it was seized during his opening statement. (Tr. 19-29). Counsel did not fail to make potential arguments, he merely failed to file his motion on time. Nevertheless, the Court and jury heard the issues, and contrary to the assertions of the defendant, these issues were addressed on both a factual and legal basis.

The defendant cites no case holding that failure to file a motion to suppress amounts to ineffective counsel. Further, there is no reasonable belief that such a motion, if made, would have been sustained. The car was stopped for speeding and an expired tag (Tr. 30). The guns were in plain view and within reach of the driver (Tr. 36, 43-44). Once he was arrested and the car impounded, an inventory search was plainly permissible. Therefore, the defendant suffered no prejudice.

Regarding the statements made during the 2003 arrest, trial counsel addressed matters touching on arrest, custody, Miranda, and voluntariness even though no motion to suppress was filed (Tr. 19-29, 425-55; 480-491; 492-499, 521-535, 558-569; 621-642). As in *United States v. Coyazo*, 95 Fed. Appx. 261, 267; WL 670905 (10th Cir. 2004), the defendant cannot show prejudice from failing to file a motion to suppress a statement or confession where the filing of such a motion would have made no difference in the outcome. Even without the defendant's statements, the evidence to support the 2003 charges was abundant.

9

The doctrines of probable cause, exigency, plain view, consent, abandonment, and search incident to a valid arrest would all have yielded physical evidence to prove that the defendant, the only person in 2002 and 2003 where the contraband was found, was guilty of the offense charged. In affirming the defendant's conviction on appeal, the Tenth Circuit characterized the evidence against the defendant as "overwhelming." *United States v. Robinson*, 435 F.3d 1244, 1251 (10th Cir. 2006). Not only was there no actionable error by trial counsel under these facts, the defendant cannot prove that he suffered prejudice from trial counsel's actions. Accordingly, for the reasons stated herein, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

**IT IS SO ORDERED** this 15th day of January 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma